# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                    **No. 3:23-CR-0030 KGB**

**TYLER BALL**

### ORDER REVOKING PRETRIAL RELEASE

On June 2, 2025, Defendant Tyler Ball appeared with his attorney, Thomas Church, for a hearing on the Government's motion to revoke his pretrial release. *Doc. 38*. The Government was represented by Assistant United States Attorney Kristin Bryant. For the reasons stated on the record at the conclusion of the hearing and in this Order, Mr. Ball's bond is revoked.

In making my findings and decision, I relied on a May 19, 2025 Cross County Sheriff's Office Incident Report; testimony from Cross County Sheriff's Office Captain and Detective James Melton and United States Probation Office Supervising Officer Eleanor Lawler; Government's Exhibits 1-6; and arguments by counsel.

### I.   BACKGROUND

Mr. Ball is charged with nine counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). *Doc. 3*. On April 17, 2023, following a bond hearing, United States Magistrate Judge J. Thomas Ray released Mr. Ball on conditions including: (1) home detention with electronic monitoring; (2) that he not

violate any federal, state, or local law while on pretrial release; and (3) that he avoid all direct or indirect contact with any person who may be a victim or a witness in this case. *Doc. 14*.

On August 25, 2023, the Government filed a motion to revoke Mr. Ball's release on the ground that he had returned late to his residence on April 17 and August 13, 2023, without approval from his supervising officer. *Doc. 18*. On September 12, 2023, the parties appeared for a bond revocation hearing, and the Government withdrew its motion. *Doc. 23*. On December 8, 2023, I granted Mr. Ball's motion requesting that the condition of home detention be replaced with a curfew. *Doc. 28*.

On May 23, 2025, the Government filed a motion to revoke Mr. Ball's release, alleging that on May 18, 2025, Mr. Ball posted public flyers defaming the father of the victim in this case and that related state criminal charges were anticipated.

II. **HEARING EVIDENCE AND DISCUSSION**

The Government presented the testimony of Detective James Melton. The details of Detective Melton's testimony also appear in his probable cause affidavit, which he submitted in support of a warrant for Mr. Ball's arrest for misdemeanor harassment, disorderly conduct, and criminal trespass. *Gov. Ex. #5*. A state judge issued the arrest warrant on June 1, 2025.

Detective Melton recounted that on May 19, 2025, he received information that identical flyers had been recovered from doors and other locations at the Cross County Courthouse, Elementary School, High School, and School District Administration Building. The flyers (*Gov. Ex. #2*) featured a photograph of Jerry Buchanan, the Cross County School District Transportation Director, and the father of the victim in this case. Text appearing below Mr. Buchanan's photograph, written in the style of an autobiography, portrays him as a dangerous person, with a dark past and serious criminal history. Out of respect for Mr. Buchanan, I will not repeat the statements contained in the flyer, but they are disturbing. And contrary to Mr. Church's argument, they are not limited to statements of opinion entitled to First Amendment protection.

Security video obtained from the School District showed that on Sunday, May 18, 2025, a white male arrived at the Cross County Elementary School in a red GMC pickup with chrome running boards and trim, a black toolbox, and no license plate. *Gov. Ex. #1*. At 7:07 a.m., a white male suspect, wearing gloves, dark sunglasses, and a mask covering his face, posted papers at several locations on the school grounds, where the flyers were later recovered. Security video obtained from the Cross County Courthouse showed the same suspect driving the same red truck posting flyers on the courthouse doors.

Law enforcement recognized that the distinctive red truck in the security footage looked similar to one that belonged to Mr. Ball's grandfather. Cross County Sheriff David West went to H&S Irrigation Contractors to speak with Mr. Ball. While there, Sheriff West photographed a red truck, identical in appearance to the truck that appeared in the security footage, with the exception that the license plate had been reattached.[1] After receiving *Miranda* warnings, Mr. Ball denied posting the flyers.[2]

Mr. Church presented the testimony of United States Probation Office Supervising Officer Eleanor Lawler, who has supervised Mr. Ball since February 2025. On May 20, she received information from a case agent regarding the May 18 incident and Mr. Ball's May 19 contact with law enforcement. Officer Lawler pointed out that Mr. Ball's failure to report the law enforcement contact was also a violation of his bond conditions, although she didn't include it in the revocation petition.

While stopping short of admitting that Mr. Ball posted the flyers attacking Mr. Buchanan, Mr. Church proffered that Mr. Ball had expressed regret to attorneys representing him in state court and acknowledged that "he had done something

---

[1] *Gov. Ex. #4*. According to Detective Melton's June 1 probable cause affidavit, the red truck is owned by Dennis Hess, Mr. Ball's grandfather.

[2] The Government played a video recording of Mr. Ball's May 19 Mirandized interview.

stupid." However, Mr. Church argued that Mr. Ball's May 18 activities amounted to a single instance where he exercised poor judgment in the moment. He argued that Mr. Ball's conduct was about "bad blood" and "a history" between Mr. Ball and Mr. Buchannan unrelated to this case, not witness intimidation.

Notwithstanding any unrelated "bad blood" between Mr. Ball and Mr. Buchanan, it is undisputed that Mr. Buchanan is the father of the victim in this case, who was ten years old when the alleged crimes occurred. It is further undisputed that, on May 18, when Mr. Ball posted flyers attacking the father of the victim in this case, his criminal trial was set to begin June 9, 2025.[3] These two facts make Mr. Ball's actions resemble witness intimidation or even an effort to influence the jury pool, which includes Cross County.

In addition, Mr. Ball's actions required forethought and the way he posted the flyers indicated that he knew what he was doing was wrong. He took steps to create the scurrilous flyer and hide his identity, removed the license plate from his grandfather's truck, placed the flyers at locations where Mr. Buchanan's employers and coworkers and court personnel would see them, and lied to Sheriff West about this incident.

Pursuant to 18 U.S.C. § 3148(b)(1), there is probable cause to believe that Mr.

---

[3] On May 19, 2025, Mr. Ball, through counsel, moved for a continuance of the trial date. *Doc. 36.* On May 20, Chief Judge Baker continued the trial date to October 14, 2025. *Doc. 37.*

Ball committed a state crime while on release.[4] I further find, pursuant to § 3148(2)(A), that based on the § 3142(g) factors, there is no condition or combination of conditions of release I can impose that will assure that Mr. Ball will not pose a danger to the safety of any other person, primarily the victim's family.

IT IS THEREFORE ordered that Defendant Tyler Ball is committed to the custody of the United States Marshal or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

So Ordered 3 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The probable cause requirement of § 3148(b)(1)(A) is satisfied when the facts available to a judicial officer "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." *United States v. Gotti*, 794 F.2d at 777 (2d 1986) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). In this case, a state judge found probable cause to believe that on May 18, 2025, Mr. Ball committed state crimes.